## Case No. 6,006.

### The HAMMONIA.

[10 Ben. 512.] [1]

District Court, S. D. New York. July, 1879.

PASSENGER'S CONTRACT—CONTAGIOUS DISEASE—DUTY OF MASTER—JURISDICTION.

1. F. filed a libel against a steamship, alleging that he took passage on her for Hamburg, with his wife and son, and that when two days out from New York, the master compelled them to leave the stateroom in the first cabin and confined them during the voyage, in another room which was unfit for them. It appeared that the child was taken with an attack of small-pox or varioloid, and that the master of the ship directed the child to be removed to the steward's room, telling the father and mother that, if they went with it they must stay and would not be allowed to come into the first cabin again, and accordingly they were all removed and were not allowed thereafter to come to the first cabin: *Held*, that the court had jurisdiction of the cause of action.

2. The act of the master was but the performance of his duty towards the other passengers.

3. The accommodations provided were reasonable, and there was no unreasonable confinement, and the libellant had no cause of action.

In admiralty.

Chas. E. Soule and Geo. F. Betts, for libellant.

Redfield & Hill, for claimants.

CHOATE, District Judge. The libellant in this suit, Henry A. Fleischmann, took a first-class passage for himself, his wife and son, a boy of three and a half years old, on board the steamship Hammonia, in April, 1873, for Hamburg. He complains in his libel that, when two days out from New York, the master compelled them to leave the state-room in the first cabin upper saloon, and confined them without cause in another room opposite the kitchen and known as the steward's room; that from the 5th to the 14th of April they were all confined in this room and not allowed to leave it "for air, or exercise, or to fulfil the calls of nature;" that this room "was filled with bad odor, was filthy, overrun

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

with rats, cockroaches and other vermin, and was not suitable for nor fitted or intended for the accommodation of three persons;" that the libellant and his son were obliged to "sleep in and occupy the same berth," and that he was often "bitten by rats which infested said room," and that "when he expostulated and demanded that he should have the stateroom which he had engaged," the master "insolently refused." And he claims damages in the sum of $10,000, alleging not only the loss and deprivation of the comforts and accommodations engaged and agreed to be furnished to him and his family, but great bodily and mental "distress and agony," and injury to health during the voyage and for a long time afterwards, resulting from the confinement in said room. Upon the trial the libellant was allowed to amend his libel, alleging injuries to his baggage from the gnawing of his trunks by rats. The defence is that the child had the small-pox, and that it became necessary to isolate him from the other passengers, and that the libellant and his wife voluntarily accompanied him when the master caused him to be removed to the chief steward's room; that they were informed that if they remained with the child they could not be allowed to go into the first cabin or mingle with the other passengers; that these precautions were necessary to prevent the disease from spreading among the passengers and crew. And the claimants deny in all other respects the averments of the libel as to the alleged discomforts and injuries suffered by the libellant and his wife and son, and also all the averments as to the filthy and improper condition of the room to which they were removed. There is no doubt that this court has jurisdiction of the cause. The Moses Taylor, 4 Wall. [71 U. S.] 411; The New World, 16 How. [57 U. S.] 469.

There can be no doubt, also, that the master of a ship has authority, and that it is his duty, in case of the appearance of a dangerous and infectious disease, to isolate the sick person from all others on board, so far as it can be done with a reasonable regard to his comfort and welfare, so as to protect from infection as far as possible the other passengers and the crew. And in this case, upon the master's receiving information from the physician that the disease was small-pox, he did no more than his duty in removing the child from the first cabin; and the restraint put upon the parents who went with him to another part of the ship, in preventing them, while living in the room with the child, from going into the first cabin again, was reasonable and proper. The fact that the claimants had sold the libellant first-class tickets and assigned to him a room in the first cabin, with the comforts and accommodations appertaining thereto, did not and could not abridge the master's authority in this respect. The safety of the ship and the passengers and the ship's company is the first consideration with the master, and overrides any special assignment to a passenger of particular accommodations, where the continuance of the enjoyment by him of such special accommodations will during the voyage seriously endanger the lives or the health of all on board. I think the testimony shows that in this case the child had a very light case of small-pox or varioloid, and that his removal from the state-room in the first cabin was necessary and proper.

The libellant has testified to nearly all the discomforts, inconveniences and injuries set forth in the libel and some others as serious, except that there is no evidence offered of any ill health resulting from the alleged confinement; but on all the material points in respect to the manner in which the change of rooms was effected and the hardships and discomforts attending and following it, the libellant is contradicted and his statements shown not to be founded in fact. The proof is that the chief steward's room was fitted with two berths and a sofa; that it was a suitable room for three persons; that the libellant was not obliged to sleep in the same berth with his son; that the room was well ventilated and comfortable; that it was not filled with bad odors from the kitchen; that the libellant and his wife were not confined in the room; that he was not restrained in any way from going to other parts of the ship except the first cabin; that he went when he pleased on deck; that he went into the smoking room and elsewhere; that his wife was not prevented from leaving the room; that she occasionally went on deck; that one servant was specially detailed to wait on them and that they had as much comfort and as good accommodations as their exclusion from the first cabin rendered possible; that the steward's room itself was substantially fitted up as well as the staterooms, and when the ship was full it was occupied by first cabin passengers. The libellant testifies that it was infested by rats and cockroaches, and that he complained of the rats to the captain and that the captain passed the matter off as a joke. I am satisfied from the testimony of the captain, and the seamen who served the libellant's family, and the doctor, that this story about the rats and cockroaches is greatly exaggerated or wholly unfounded. It is certainly proved that he made no complaints of the room; on the contrary, that he expressed himself much pleased with it, and with the manner in which he was treated. That the libellant and his wife suffered some inconveniences from their necessary isolation from the rest of the passengers, is undoubtedly true; but these were as slight as could be expected, under the circumstances, and were not aggravated by any neglect or ill-treatment on the part of the master or officers of the ship. They left the ship voluntarily at Cherbourg. At that time they made no complaint of ill-treatment. The libellant has failed to make out any cause of action. Libel dismissed, with costs.